Leo Fox, Esq.
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE:                                                                                  Case No.:      21-22696 (SHL)
                                                                                              Chapter 11

HELLO LIVING DEVELOPER NOSTRAND LLC,

                                                      Debtor.
------------------------------------------------------------------X

**STATUS CONFERENCE REGARDING
<u>HEARING ON BAR DATE ORDER</u>**

TO:    THE HONORABLE SEAN H. LANE
           UNITED STATES BANKRUPTCY JUDGE

The above-captioned debtor (the "<u>Debtor</u>"), by Leo Fox, its attorney, respectfully represents:

1.    On March 3, 2020 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition pursuant to Title 11, Chapter 11 of the United States Code, 11 U.S.C. §101 *et seq.*, as amended (the "<u>Bankruptcy Code</u>").  No Trustee, Examiner, or Creditors' Committee has been appointed in this case.

2.    Two (2) applications were filed seeking entry of a Bar Date Order, one by the Mortgagee and one by the Debtor.  The Debtor respectfully submits that its Bar Date Order should be entered for the following reasons.  The Debtor's Bar Date Order dispenses with a publication requirement unlike the Mortgagee's proposed Bar Date Notice.  The Debtor, as a holding company, has a limited number of creditors.  There are no unknown creditors such as is the case in mass tort or class action type of creditors who may not necessarily learn of the bankruptcy through the filing of Notices of the Bar Date.  Furthermore, the Debtor believes that Notice should go to all of the

creditors of its subsidiary, Hello Nostrand LLC, who are also limited in number, as being part of a single-asset case which was in the process of development and was never actually operating. These subsidiary creditors are likewise limited in number but should be afforded an opportunity determine whether or not they have claims against the parent. Accordingly, there is no need for the cost and expense of a Bar Date Order to reach out beyond these specified creditors.

3. Furthermore, the period of time to allow creditors and interest holders to file claims should be greater than the 30 days proposed by the Mortgagee. Creditors and interest holders include foreign entities who would be required to be served overseas. They should be afforded additional time of approximately 40 days to be able to obtain Notices and arrange to file claims.

4. The Debtor is better able to determine the process for the filing of claims of its creditors and interest holders. It should be permitted to proceed with this administrative process.

**WHEREFORE**, it is respectfully requested that the Court enter the Bar Date Order submitted by the Debtor and grant such other and further relief as is proper.

Dated: New York, New York
February 22, 2022

        Respectfully submitted,

        *HELLO LIVING DEVELOPER NOSTRAND LLC*
        *Debtor*

        By:    */s/ Leo Fox*
               Leo Fox, Esq.
               Attorney for Debtor
               630 Third Avenue, 18th Floor
               New York, New York 10017
               (212) 867-9595
               leo@leofoxlaw.com