UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
In re:                                                                  Chapter 11

HELLO LIVING DEVELOPER NOSTRAND, LLC,                                   Case No.  21-22696 (SHL)

                                        Debtor.
----------------------------------------------------------------------X

# DEBTOR'S PLAN OF REORGANIZATION UNDER
# CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR

Leo Fox, Esq.
630 Third Avenue – 18th Floor
New York, New York 10017
(212) 867-9595 - Telephone
(212)  949-1857 - Facsimile
leo@leofoxlaw.com


***ATTORNEY FOR THE DEBTOR***
***AND DEBTOR-IN-POSSESSION***

Nothing contained herein shall constitute an offer, an acceptance, or a legally binding obligation of the Debtor or any other party in interest. This Plan is subject to approval of the Bankruptcy Court and other customary conditions. This Plan is not an offer with respect to any securities. This is not a solicitation of acceptances or rejections of the Plan. Acceptances or rejections with respect to this Plan may not be solicited until a disclosure statement has been approved by the United States Bankruptcy Court for the Southern District of New York in accordance with § 1125 of the Bankruptcy Code. Such a solicitation will only be made in compliance with applicable provisions of securities and bankruptcy laws.

**YOU SHOULD NOT RELY ON THE INFORMATION CONTAINED IN, OR THE TERMS OF, THIS PLAN FOR ANY PURPOSE (INCLUDING IN CONNECTION WITH THE PURCHASE OR SALE OF THE DEBTOR' SECURITIES) PRIOR TO THE CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT.**

> Leo Fox, Esq.
> *Attorney for the Debtor and*
> *Debtor-In-Possession*
> 630 Third Avenue – 18th Floor
> New York, New York 10017
> (212) 867-9595 (Phone)
> (212) 949-1857 (Facsimile)
> leo@leofoxlaw.com

# PLAN OF REORGANIZATION
# DATED MARCH 21, 2022

The above-captioned Debtor and Debtor-in-Possession proposed this Plan of Reorganization (the "*Plan*") pursuant to § 1121 of the Bankruptcy Code. The Plan proposes to pay the Secured Creditor's Allowed claim of $3,000,000 of principle secured by the value of the Debtor's shareholders interest in Hello Nostrand LLC over four (4) years with a balloon payment at the end of the fourth (4th) year and for unsecured creditors to be paid their claims.

The Debtor is the proponent of the Plan. The Plan provides for distributions to the holders of Allowed Claims from funds realized by the Debtor from Lease income of its subsidiary, Hello Nostrand LLC. Hello Nostrand LLC has agreed to provide the Lease Income amounts from its Tenant necessary to pay the above Plan. For a further discussion of the Plan, the reader's attention is directed to the Disclosure Statement being filed by the Debtor in connection with this Plan.

## ARTICLE I
## DEFINITIONS

1.1    All terms in this Plan, unless the context otherwise requires, are as defined in Title 11 of the United States Code. The following terms have the meaning set forth in this Article.

| | |
|---|---|
| *Administrative Claim* | Allowed claims or requests for payment under § 503(b) entitled to Administrative priority under § 507(a)(2) of the Bankruptcy Code and United States Trustee fees under 28 U.S.C. § 1930 (United States Trustee fees are not required to have been filed as a request for payment) |
| | |
| *Allowed Claim* | A "Claim (as defined below) (i) proof of which has been filed with the Bankruptcy Court within the time fixed by the Bankruptcy Court or applicable rules or statutes, and with respect to which no objection has been timely filed by any party in interest, or (ii) that has been, or hereafter is, listed by the Debtor as liquidated in |

3

|  | |
|---|---|
|  | amount and not disputed or contingent in the Debtor's bankruptcy schedules filed in these Chapter 11 cases, or (iii) that has been allowed by a "Final Order" (as defined below) by the Bankruptcy Court, or (iv) that is allowed by the permission of this Plan. |
| *Allowed Interest* | An "Interest" (as defined below) (i) proof of which has been filed within the time fixed by the Bankruptcy Rules or within the time fixed by the Bankruptcy Court; or (ii) that has been scheduled in the list of equity security holders identified in the Debtor's bankruptcy schedules which have been filed with the Bankruptcy Court in these Chapter 11 cases; and (iii) in the event of either (i) or (ii) as to which no objection to the allowance thereof has been filed within any applicable period of time fixed by an Order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order of the Bankruptcy Court. |
| *Bankruptcy Code* | Title 11 of the United States Code, § 101, *et. seq*. or as amended thereafter in effect as of the Filing Date. |
| *Carveout* | Any amounts which are payable under § 506(c) of the Bankruptcy Code, including insurance and other amounts necessary for the preservation of the Real Property collateral. |
| *Chapter 11 Case* | The Chapter 11 Case No. 21-22696 (SHL) commenced by the Debtor on the Filing Date. |
| *Claim* | A Claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor including, without limitation, secured claims under § 506 of the Bankruptcy Code, claims allowable under § 502 of the Bankruptcy Code or requests for payment of administrative expenses allowed under § 503 of the Bankruptcy Code. |

4

| | |
|---|---|
| *Claimant or Creditor* | The holder of a Claim, including the holder of a claim for damages resulting from the rejection of an unexpired executory contract or lease. |
| *Confirmation Date* | The date on which an Order confirming this Plan is entered by the Court, provided that such Order has not been stayed. |
| *Court* | The United States Bankruptcy Court for the Southern District of New Yor, or such other Court as may, from time to time, have original jurisdiction over this Chapter 11 proceeding. |
| *Debtor* | Hello Living Developer Nostrand LLC |
| *Disallowed Claim* | Any Claim or portion thereof that is determined in a Final Order of the Court not to be allowed pursuant to §§ 502 and 503 of the Bankruptcy Code. |
| *Disclosure Statement* | Any disclosure statement required by § 1125 of the Bankruptcy Code and approved by the Court. |
| *Disputed Claim* | The whole or portion of any Claim against the Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof. For any Disputed Claim which is or was asserted as a Secured Claim, the corresponding Lien shall be deemed subject to dispute. |
| *Distribution* | A distribution of cash or cash equivalents to the holders of Allowed Claims under the Plan. |
| *Effective Date* | Shall be a date that the Debtor begins to receive Lease payments after the first (1st) year of Lease Tenant improvements concessions or approximately March 15, 2023. |
| *Estate* | The Estate created in this case pursuant to § 541 of the Bankruptcy Code. |
| *Filing Date* | December 21, 2021 |

| | |
|---|---|
| *Final Distribution* | The date on which all Distributions provided for under this Plan have been mailed or otherwise issued to holders of all Allowed Claims. |
| *Final Order* | An Order of a Court from which no Appeal or review can be taken, or as to which all Appeals and reviews have been withdrawn or dismissed or granted with prejudice. |
| *Lease* | The Master Lease Agreement dated as of March 15, 2022 between Hello Nostrand LLC and 1580 Nostrand Management LLC providing for Lease rental to be paid commencing March 15, 2023 under schedules including any obligations of the Debtor under this Plan. |
| *Lease Income* | The Lease Income shall be determined in any year that the Lease in effect. Gross receipts of Lease income less all necessary and operating obligations of the Landlord, including, but not limited to, any roof repair or replacement, and any obligations deemed to be Landlord obligations. |
| *Plan* | The Debtor's Plan of Reorganization or as modified in accordance with the Bankruptcy Code. |
| *Real Property or Property* | Hello Nostrand's Real Estate and associated rights located at 1580 Nostrand Avenue, Brooklyn, New York |
| *Secured Claim* | Any Claim held by a person against the Debtor secured by Collateral but only to the extent of the value of the collateral as set forth in the Plan pursuant to § 506(a) of the Bankruptcy Code, provided, however, that Secured Claim shall not include any portion of a Claim to the extent that the value of such person's interest in the Collateral is less than the amount of such Claim. |

| | |
|---|---|
| *Unimpaired* | A Claim or Equity Interest that is unimpaired within the meaning of § 1124 of the Bankruptcy Code, in that the Plan does not otherwise alter any legal, equitable or contractual rights to which such Claim entitles the holders of such Claim. |
| *Unsecured Claim* | Any Claim or right as defined in § 101 of the Bankruptcy Code whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, which is not a Secured Claim a Priority Claim or an Administration Claim. |

## ARTICLE II

## DESIGNATION OF CLAIMS AND INTEREST

2.1   The following classifies claims and equity interests required to be designated in Classes pursuant to §§ 1122 and 1123 (a)(1) of the Bankruptcy Code.  In accordance with § 1123(a)(1) of the Bankruptcy Code, the Administrative Claims have not been classified and their treatment is set forth herein.  Classification of Claim and equity interests in this Plan is for all purposes, including voting, confirmation and distribution pursuant to the Plan.  Claims shall be deemed classified in a particular Class only to the extent that such claim qualifies within the description of that Class and shall be deemed different and classified in a different Class only to the extent that any portion of such claim qualifies within the description of such different Class. Distribution, on account of any Claim, in any Class, is not required or permitted unless, and, until such Claim or Equity Interest becomes an Allowed Claim or Allowed Equity Interest, as the case may be, which might not occur, if at all, until after the Effective Date.  Claims shall be paid based on a "waterfall" manner, where claim of junior priority shall only be paid after prior claims are paid or reserved on prior claims for which there are final orders further distributions can be made

to the junior creditors or equity interests. All payments to groups of creditors or equity holders are paid. The following summarizes all creditors and equity classes, their amount and whether they are impaired.

## ARTICLE III

## CLASSIFICATION

3.1    The Plan provides that all Allowed Claims will be paid under either a cash payment or a deferred four (4) year payment secured by a security on the hares of Hello Nostrand LLC with a balloon payment at the end of the fourth (4th) year.

**Class 1**

3.2    The Allowed Secured Claims of 1580 Nostrand Mezz LLC holding a claim alleged to be in the amount of approximately $3,000,000 in unpaid principal which is alleged to be $4,500,000 presently which claim includes any prepayment fees, forbearance fees, exit fees, servicing fees and any other charges charged by this creditor (the attorney of Secured Creditor refused to provide a payoff amount for these claims) are the holders of the Allowed Class 1 Claim.

**Class 2**

3.3    Any Allowed unsecured claims.

**Class 3**

3.4    Equity Interests – shall be the holders of the equity interest of the parent Debtor.

## ARTICLE IV

## TREATMENT OF CLAIMS THAT ARE IMPAIRED
## AND WHO WILL VOTE ON THE PLAN

The following claims will be treated as follows:

**Class 1**

4.1    This creditor shall receive monthly principal and interest payments amortized over

30 years at the interest rate of a 3.5% annual rate commencing on the Effective Date in full satisfaction and settlement of the claim. The monthly payments shall continue until paid on or before four (4) years following the Effective Date (the "*Final Installment Date*"). Payments shall come from Lease Income of Hello Nostrand LLC.

    4.2    The Debtor shall have the right to prepay the Allowed Class 1 Claim in whole, or in part, at any time following Confirmation, without penalty. In the event of such prepayment, any and all unearned interest shall be deemed waived. Upon Confirmation, any and all prepayment premiums and any fees, exit fees or such other requirements set forth in the underlying loan shall also be waived and released. The Debtor shall pay all of its operating obligations. The terms of the Plan shall be the exclusive terms relating to the repayment of the Allowed Class 1 Claim. The pre-petition loan documents shall have no force or effect after Confirmation. Upon completion of the payments to the holder for the Allowed Class 1 Claim as required by the Plan and resolution of the disputed claims, Class 1 shall be deemed to have released any and all liens on the Debtor' assets. To the extent required by the Debtor, upon full payment of its Allowed Class 1 Claim, Class 1 holder shall immediately prepare and file any document necessary to effect a release of its liens on the Debtor's assets.

**Class 2**

    4.4    Such claims shall be paid, pro rata, in full, with monthly principal payments of $15,000 plus interest at 3.5% interest commencing on or about the Effective Date in full satisfaction and settlement of the claims.

# ARTICLE V

# NONIMPAIRED

**Class 3**

5.1    The equity holders shall be paid their investments upon the development project under the means provided for in the investment documents with the equity holders.

# ARTICLE VI

# ADMINISTRATION EXPENSES AND UNCLASSIFIED CLAIMS

6.1    All operating unpaid administrative expenses of the Chapter 11 Case fees, the Court appointed professionals for the Debtor who have rendered services and who are entitled to compensation under §§ 327 and 503(b) of the Bankruptcy Code for services rendered prior to the Confirmation Date subject to a Fee Application on Notice and Court Order and the fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930, are not classified and shall be paid in full on the Effective Date.  The United States Trustee Fees and the professional fees, incurred after confirmation at the same hourly rates and terms shall continue to be paid up through the Closing Date of this Chapter 11 Case.  A reserve may be estimated on the Confirmation Date and instituted for the payment of these fees.  The within professional claims for post-confirmation services may be paid under a different agreement reached with the Debtor prior to Confirmation and may be paid without any Court Order.

# ARTICLE VII

# IMPLEMENTATION OF PLAN

7.1    The Debtor shall continue with the litigation against the Secured Creditor (Class 1).

7.2    The Debtor shall act as Distributing Agent.

  7.3  The Debtor shall monitor the operation of the Hello Nostrand LLC Real Property.

  7.4  The litigation with the Secured Creditor will continue until there is a Final Court Order determining the allowability of the Secured Creditor's claims and priority.

  7.5  The Plan is self-executing.  Except as expressly set forth in the Plan, the Debtor shall not be required to execute any newly created documents to evidence the Claims, liens or terms of repayment to the holder of any Allowed Claim. The terms of this Plan will exclusively govern payments to creditors and any other rights of creditors as against the Debtor and their property. Furthermore, upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims, and any liens that may support such Claims, shall be deemed released and discharged.

## ARTICLE VIII

## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

  8.1  **Time Limit for Objections to Claims**  Objections to Claims shall be filed by the Debtor with the Court and served upon each holder of each of the Claims to which objections are made not later than sixty (60) days subsequent to the Confirmation Date or within such other time period as may be fixed by the Court.  Unless otherwise extended by Order of this Court, the Debtor may file an objection to the allowance of any Claim filed resulting from the rejection of an executory contract on the latter of sixty (60) days following the Confirmation Date or within thirty (30) days after the filing of such Claim and service a copy of such Claim upon the Debtor as provided for in the Plan.

  8.2  **Resolution of Disputed Claims**  Unless otherwise ordered by this Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claims, in its sole discretion, without notice to any party in interest, other than notice of not less than ten (10) days' notice, as between the Debtor and the Creditor of the Claim, who is being objected to.

8.3     Payments and distributions to each holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of the Plan with respect to the Class of creditors to which the respective holder of an Allowed Claim belongs. Reserves shall be maintained.  Such payments and distributions shall be made as soon as practicable after the date that this Court enters a Final Order allowing such Claim, but not later than thirty (30) days thereafter.  Payments shall be made as and when a Disputed Claim has become, in whole or in part, an Allowed Claim or a Disallowed Claim, pursuant to a Final Order or agreement between the Debtor and such Claimant or as allowed by this Plan.

## ARTICLE IX

## THE REORGANIZED DEBTOR

9.1     The Debtor shall continue with its corporate status and operate the Debtor' businesses.

9.2     The Debtor shall reserve all distributions from disputed claims pending determination that claims become Allowed claims.

9.3     The case may be closed after initial payments are made to creditors on the Effective Date and may be re-opened, without any fees, as necessary, to implement the Plan.

## ARTICLE X

## EXECUTORY CONTRACTS

10.1    There are no executory contracts.

## ARTICLE XI

## TRANSFER TAX AND RECORDING FEES EXEMPTIONS

11.1    There are not transaction for which a transfer tax is due.

## ARTICLE XII

## MODIFICATION OF THE PLAN

12.1    The Debtor may amend and modify this Plan at any time prior to the Confirmation Order, without approval of this Court. After Confirmation, the Debtor may modify this Plan before a substantial consummation of this Plan, with the approval of this Court, and upon any Mortgagee's right to respond.

## ARTICLE XIII

## PROVISIONS FOR CLASSES OR HOLDERS OF CLAIMS
## WHICH ARE AFFECTED BY AND DO NOT ACCEPT THIS PLAN

13.1    Any class or holders of claims or interests which are affected by and do not vote to accept the Plan in accordance with the provisions of Bankruptcy Code § 1126 shall be treated in fair and equitable fashion as provided by Bankruptcy Code § 1126(b).

## ARTICLE XIV

## EVENT OF DEFAULT

14.1    The occurrence of any of the following shall constitute a default by the Debtor under the Plan with respect to creditors.

a.    If (i) the Debtor default in making payments due under the Plan (and a grace period of ten (10) days after written notice of such default is given by a majority of the holders of the Class in default shall have passed, and unless such default (hereinafter referred to as an "Event of Default") has been waived in accordance with the term herein; (ii) the Debtor breaches any of the covenants contained herein after ten (10) days written notice by a creditor to the Debtor prior to payment due under the Plan; (iii) the Debtor seeks relief under any Federal or State Statute (other than the Debtor' present Chapter 11 Case); (iv) or a receiver; liquidator, custodian or trustee is appointed for substantially all

13

of the property of the Debtor prior to completion of the payment due.

    b.  Upon the occurrence of an Event of Default, any creditor shall notify the Debtor, and with the exception of any monetary default on account of payment, the Debtor shall have ten (10) business days from the date of the sending of such notice to cure such breach. With respect to a breach for non-payment, the Debtor shall have a cure period of twenty-five (25) business days. In the event the Debtor fails to cure such breach within the prescribed periods, the Debtor shall be deemed to have defaulted on the terms of the Plan and the creditors shall have all rights available to them under State Law or the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, or under this Plan.

## ARTICLE XV

## DISCHARGE AND RELEASE

  15.1 Pursuant to § 1141 of the Bankruptcy Code, the Confirmation Order shall discharge claims against the Debtor which are being treated under the Plan. Except as expressly provided herein, the rights afforded in the Plan and the treatment of all creditors and holders of stock interest provided herein shall be governed by the Plan and shall release Eli Karp and professionals representing the Debtor (arising out of services in connection with this Chapter 11 Case excluding negligent acts or acts of willful misconduct, ultra vires acts and breach of fiduciary duty). Upon the Confirmation Date, all other claims against the above referred to professionals will be satisfied, discharged and released (except for those obligations identified in the Plan) in full exchange for the consideration provided for hereunder.

  15.2 The effects of Confirmation of the Plan are set forth in the Bankruptcy Code. Upon Confirmation, the provisions of the Plan will bind the Debtor, its equity holders and creditors, whether or not they have accepted the Plan.

## ARTICLE XVI

## INJUNCTION AND EXONERATION

16.1    Except as otherwise provided in the Plan or Confirmation Order, all entities which have held, currently hold or may hold a debt, claim other liability of interest against the Debtor pursuant to, and subject to, the provisions of § 1141 of the Bankruptcy Code and are permanently enjoined with taking any of the following actions on account of such debt, claim, liability, interest or right:  (a) commencing or continuing in any manner any action or other proceeding on account of such claim against property which is to be distributed under the Plan, other than to enforce any right to distribution with respect to such property under the Plan; (b) enforcing, attaching, collecting or recovering in any manner or judgment, award, decree, order against the Debtor other than as permitted under subparagraph (a) above; and (c) creating, perfecting or enforcing any lien or encumbrance against any property to be distributed under this Plan.

## ARTICLE XVII

## RETENTION OF JURISDICTION AND DISCHARGE

17.1    Notwithstanding Confirmation, the Bankruptcy Court shall retain jurisdiction for the following purposes.

(a)    Determination of the allowability of claims upon objections filed to such claims and to any litigation commenced by the Debtor post-confirmation related to the Chapter 11 Case, the Plan or any creditor claims;

(b)    Determination of requests for payment of Claims and fees entitled to priority under § 507;

(c)    Resolution of any disputes concerning the interpretation of the Plan;

(d)    Implementation of the provisions of the Plan;

  (e)  Entry of Orders in aid of consummation of the Plan;

  (f)  Modification of the Plan pursuant to § 1127 of the Code;

  (g)  Adjudication of any causes of action including voiding power actions commenced by the Debtor-in-Possession; and

  (h)  Entry of a Final Order of Consummation and closing the case.

Dated:  New York, New York
     March 21, 2022

          ***HELLO LIVING DEVELOPER NOSTRAND LLC***

          By: */s/ Eli Karp*
             Eli Karp
             Manager


***PLAN CONSENTED TO***

***HELLO NOSTRAND LLC***

By: _____

16