

Alan J. Brody, Esq.
Tel.: 973.443.3543
Fax:  973.295.1333
brodya@gtlaw.com

April 25, 2022

**VIA ELECTRONIC MAIL**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

          Re:  *In re Hello Living Developer Nostrand LLC (the "Debtor")*
               Bankruptcy Case No. 21-22696 (SHL)

Dear Judge Lane,

      This firm represents Nostrand Mezz Lender LLC ("Mezz Lender") in the above referenced bankruptcy case. Consistent with Your Honor's practices, we respectfully request a conference with the Court to discuss a dispute that has arisen regarding amending the scheduling order your Honor entered on April 19 [ECF No. 53].  Specifically, and as discussed below, because the Debtor has repeatedly refused to provide Mezz Lender with proof that the property owned by its wholly-owned subsidiary, Hello Living, LLC ("Hello Living" and the property, the "Property") is insured, thereby placing the Property at substantial continued risk, Mezz Lender cannot now support an extended briefing scheduling on its current motion to dismiss the Debtor's bankruptcy case or, alternatively, relief from the automatic stay [ECF No. 45] (the "Dismissal/Lift Stay Motion"), or to the Debtor's motion seeking conditional approval of its disclosure statement [ECF No. 42] (the "DS Motion").

      As this Court is aware, on April 14, Mezz Lender filed its Dismissal/Lift Stay Motion, together with a motion to shorten the notice periods for the relief requested in the Dismissal/Lift Stay Motion [ECF Nos. 48-49] (the "Motion to Shorten"). One of the grounds that Mezz Lender sought dismissal and/or stay relief was that the Debtor and Hello Living refused to provide Mezz Lender with evidence that the Property was insured.

      On April 18, this Court held a status conference on the Motion to Shorten. At the status conference hearing, Debtor's counsel, Mr. Fox, was adamant that the hearing to consider the DS Motion should go forward on April 27, and repeatedly refused this Court's invitation to have the Hearing continued to May. As a result, this Court granted the Motion to Shorten with respect to the stay relief requested in the Dismissal/Lift Stay Motion so that it could be heard at the April 27 hearing and scheduled a May 17 hearing to consider the Mezz Lender's request to dismiss the case.

      During the April 18 status conference, Mr. Fox informed the Court that he had previously provided the United States Trustee (the "UST") with evidence that the Property was insured. The

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
500 Campus Drive, Suite 400 ■ Florham Park, New Jersey 07932-0677 ■ Tel 973.360.7900 ■ Fax 973.301.8410

Hon. Sean H. Lane
April 25, 2022
Page 2

UST informed the Court, however, that that insurance lapsed in March 2022 and the UST, too, would want evidence that the Property is insured currently. At this Court's direction, Mr. Fox agreed to provide the Mezz Lender and the UST with proof of insurance.

After the hearing, we repeatedly asked Mr. Fox for proof of insurance on the Property. Those inquiries went unanswered. We also confirmed with the UST that its office had not been provided with evidence of insurance. The Debtor has instead focused its energy on rescheduling the April 27 hearing to provide it more time to object to the Dismissal/Lift Stay Motion. Mr. Fox spent last week negotiating a simple scheduling order, which included deadlines for the Debtor to provide Mezz Lender with discovery, and then went radio silent since Thursday evening.

While Mezz Lender was initially amenable to a revised scheduling order that consolidated the briefing scheduling on the DS Motion and the Dismissal/Lift Stay Motion, Mezz Lender no longer supports such relief in light of the Debtor's unwarranted refusal to provide Mezz Lender (and the UST) with proof of insurance. Putting aside the obvious risks this poses to third parties, Hello Living and Hello Living's creditors, the lack of insurance also puts at risk the value of the ownership interests in Hello Living, which is the Debtor's sole asset and the Mezz Lender's collateral. Simply put, the failure to insure the Property constitutes a lack of adequate protection of Mezz Lender's collateral and needs to be addressed as soon as possible.

Accordingly, Mezz Lender requests the Court hold a status conference on April 27 to ensure necessary insurance is actually in place to protect the Property and to schedule a hearing on the Dismissal/Lift Stay Motion. The Debtor will not be prejudiced by any such relief. First, under the Bankruptcy Rules, a motion for relief from the automatic stay is heard on fourteen days' notice. As such, the Mezz Lender is not requesting any notice period to be shortened for such relief. Second, to the extent this Court is willing to hear the Mezz Lender's request to have the case dismissed, the Debtor would likely have had at least fourteen days to review and object to Dismissal/Lift Stay Motion. Thus, the Debtor would have had the entire time permitted under the Bankruptcy Rules to file its objection. Finally, the Mezz Lender's request herein is a direct result of the Debtor's actions. After all, the Debtor was adamant that the April 27 hearing go forward and that it would have time to object to the stay relief requested in the Dismissal/Lift Stay Motion. The Debtor should not now be rewarded for more time since it then spent a week negotiating a simple scheduling order and then refused to answer emails and provide proof of insurance.

Sincerely,

Alan J. Brody

cc:    Leo Fox, Esq. (via electronic mail)