

Alan J. Brody, Esq.
Tel.: 973.443.3543
Fax: 973.295.1333
brodya@gtlaw.com

May 2, 2022

**VIA ECF/ELECTRONIC MAIL**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

        **Re: *In re Hello Living Developer Nostrand LLC*, Ch. 11 Case No. 21-22696 (SHL)**

Dear Judge Lane,

        This firm represents Nostrand Mezz Lender LLC ("Mezz Lender") in the above referenced bankruptcy case. We write in response to the correspondence the Debtor filed with this Court [ECF No. 60] seeking a two-day extension to extend the document discovery schedule.

        Yesterday, counsel for the Debtor requested a two-day extension from May 3 to May 5 of the document discovery Mezz Lender served on Debtor on April 13 ("RFPs"). Currently, the deposition of the Debtor's Rule 30(b)(6) corporate representative, Eli Karp, is scheduled for Monday, May 9.

        The May 3 deadline was agreed to by the parties on April 21, and Mr. Fox had previously requested in his letter to the Court, dated April 25 [ECF No. 58] that the parties' briefing scheduling "be adhered to." Attached hereto as Exhibit C is a copy of Mr. Fox's April 25 letter to the Court (exclusive of exhibits annexed thereto). This May 3 deadline was already a compromised date, after numerous emails and calls between Debtor's and Mezz Lender's counsel. It was meant to afford Mezz Lender with sufficient time to review the documents ahead of Mr. Karp's deposition and to prepare an objection to the Debtor's motion seeking conditional approval of the disclosure statement [ECF No. 42] ("DS Motion"), which is due May 12 at 12:00 p.m. (Eastern Time).

        Counsel for Debtor insists that the two-day extension is needed because of Mezz Lender's requests for insurance information -- requests which were made as early as March and are separate from the requests for proof of insurance discussed at the April 27 status conference. To be clear, the requested documents are largely straightforward, including the actual policies, executed premium financing arrangements, and payment schedule. Despite this Court's directive to Debtor's counsel at last week's status conference to provide us with insurance information by the end of last week, to date, we have not been provided with any of the requested information, nor provided a timeline from Debtor on when we can anticipate a meaningful response to our request.

        This morning, we contacted counsel for Debtor to discuss the Debtor's request on extending the May 3 deadline on the RFPs. We wanted to understand the Debtor's document

Hon. Sean H. Lane
May 2, 2022
Page 2

production progress and to potentially propose an option where Mezz Lender can accommodate the two-day extension without prejudicing its own case. Because counsel for Debtor was at a funeral, the parties were unable to have a meaningful conversation prior to the Debtor filing the letter with the Court.

Without knowing the Debtor's discovery progress in gathering documents responsive to the RFPs (which were served on April 13), Mezz Lender is unable to assess the reasonableness of the Debtor's request. However, to accommodate the Debtor and without prejudicing the Mezz Lender, the Mezz Lender is willing to agree to a two-day extension until May 5 for the Debtor to produce responsive if the following adjustments are made to the scheduling order:

- Mezz Lender's seven-hour deposition of Mr. Karp will take place over two days with the first day being May 10 and the second day to be agreed upon by the parties, but by no later than May 19, as this will allow Mezz Lender to take a deposition of Mr. Karp ahead of the Mezz Lender's objection deadline to the DS Motion and also give the parties an opportunity to resolve any discovery issues that may arise from the Debtor's document production;

- Mezz Lender's deadline to object to the DS Motion is extended by one day to May 13 at 12:00 p.m. (Eastern Time); and

- Mezz Lender's deadline to file a reply in support of its motion seeking dismissal of the case or, in the alternative, relief from the automatic stay [ECF No. 45] ("Dismissal/Lift Stay Motion") is extended by one business day, to May 23 at 12:00 p.m. (Eastern Time).

The proposed timeline is intended to accommodate the Debtor's request to extend the RFP deadline, while minimizing the prejudice on Mezz Lender in diligently prosecuting its objection to the DS Motion and its own Dismissal/Lift Stay Motion, while also preserving the May 25 hearing date on the DS Motion and the Dismissal/Lift Stay Motion. A copy of a proposed revised order on the terms set forth herein, together with a redline of the parties' agreed-to order that was submitted to Chambers last week, are annexed hereto as Exhibits A and B, respectively.

Sincerely,

*[signature]*

Alan J. Brody

cc:   Leo Fox, Esq. (via ECF/electronic mail)
      Victor Worms, Esq. (via electronic mail)