

Alan J. Brody, Esq.
Tel.: 973.443.3543
Fax:  973.295.1333
brodya@gtlaw.com

May 4, 2022

**VIA ECF/ELECTRONIC MAIL**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

> **Re:** *In re Hello Living Developer Nostrand LLC*, Ch. 11 Case No. 21-22696 (SHL)

Dear Judge Lane,

This firm represents Nostrand Mezz Lender LLC ("Mezz Lender") in the above referenced bankruptcy case. We write in furtherance of our letter to the Court yesterday [ECF No. 61] (the "Mezz Lender Letter"), which responded to the Debtor's May 1st letter [ECF No. 60] (the "Debtor Letter"), requesting an amendment to the parties agreed-to scheduling order – which order was submitted to the Court on April 29 (the "April 29 Order").

After the parties filed their respective letters with the Court, the parties met to address again the Debtor's request to amend the agreed-to discovery deadlines in the April 29 Order, as well as the compromise proposed in the Mezz Lender Letter – including the revised form of scheduling order annexed thereto as Exhibit A (the "Proposed Order").  Unfortunately, the parties were not able to reach agreement. In light of this impasse, we respectfully request that the Court enter the Proposed Order.

As set forth in the Mezz Lender Letter, the Debtor had agreed to the discovery deadlines and briefing schedule set forth in the April 29 Order on April 21 (almost two weeks ago) and subsequently in its April 25th letter to the Court [ECF No. 58]. The April 29 Order resulted from the Debtor's initial refusal to continue the April 27 hearing on its motion for conditional approval of its disclosure statement. When Debtor subsequently reached out to request a continuance of the hearing, Mezz Lender was adamant that the Debtor agree, and for the Order to so provide, deadlines for the Debtor to respond to the Mezz Lender's outstanding discovery requests, which requests were made on April 13. The Debtor, which has not responded to such outstanding discovery requests, has already breached its discovery deadline in this case.

To the extent the Debtor now takes the position that the April 29 Order is opposed, and it should be afforded additional time to respond to discovery requests that have been outstanding for nearly three weeks, the Proposed Order accomplishes just that and strikes a balance between the Debtor's delay in producing documents and the impact that would cause on Mezz Lender as it proceeds through outstanding discovery and briefing its objection to the disclosure statement and in support of its motion for dismissal of the case or, alternatively, relief from the automatic stay.

Hon. Sean H. Lane
May 4, 2022
Page 2


       Accordingly, Mezz Lender respectfully requests that the Court enter the Proposed Order. We are available at this Court's convenience should a status conference be required.


                        Sincerely,

                        Alan J. Brody


cc:      Leo Fox, Esq. (via ECF/electronic mail)
           Victor Worms, Esq. (via electronic mail)