UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:                                                                                          Chapter 11

HELLO LIVING DEVELOPER NOSTRAND, LLC,            Case No.  21-22696 (SHL)

                                                           Debtor.
------------------------------------------------------------------------X


# DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR


Leo Fox, Esq.
630 Third Avenue – 18th Floor
New York, New York 10017
(212) 867-9595 - Telephone
(212)  949-1857 - Facsimile
leo@leofoxlaw.com


***ATTORNEY FOR THE DEBTOR***
***AND DEBTOR-IN-POSSESSION***

Nothing contained herein shall constitute an offer, an acceptance, or a legally binding obligation of the Debtor or any other party in interest. This Plan is subject to approval of the Bankruptcy Court and other customary conditions. This Plan is not an offer with respect to any securities. This is not a solicitation of acceptances or rejections of the Plan. Acceptances or rejections with respect to this Plan may not be solicited until a disclosure statement has been approved by the United States Bankruptcy Court for the Southern District of New York in accordance with § 1125 of the Bankruptcy Code. Such a solicitation will only be made in compliance with applicable provisions of securities and bankruptcy laws.

**YOU SHOULD NOT RELY ON THE INFORMATION CONTAINED IN, OR THE TERMS OF, THIS PLAN FOR ANY PURPOSE (INCLUDING IN CONNECTION WITH THE PURCHASE OR SALE OF THE DEBTOR' SECURITIES) PRIOR TO THE CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT.**

Leo Fox, Esq.
*Attorney for the Debtor and*
*Debtor-In-Possession*
630 Third Avenue – 18th Floor
New York, New York 10017
(212) 867-9595 (Phone)
(212) 949-1857 (Facsimile)
leo@leofoxlaw.com

# THIRD AMENDED PLAN OF REORGANIZATION
## DATED MAY 31, 2022

The above-captioned Debtor and Debtor-in-Possession proposed this Plan of Reorganization (the "*Plan*") pursuant to § 1121 of the Bankruptcy Code. The Plan proposes to pay the Secured Creditor's Allowed claim secured by the value of the Debtor's shareholders interest in Hello Nostrand LLC ("*Hello Nostrand*") in one payment within 90 days after the Confirmation Date and for unsecured creditors to be paid their claims from the Project and not from Lease Income.

The Debtor is the proponent of the Plan. The Plan provides for distributions to the holders of Allowed Claims from funds realized by the Debtor from the Project involving the second building being constructed and after Nostrand Mezz Lender ("*Nostrand Mezz Lender*") has been paid. For a further discussion of the Plan, the reader's attention is directed to the Disclosure Statement being filed by the Debtor in connection with this Plan.

## ARTICLE I
## DEFINITIONS

1.1   All terms in this Plan, unless the context otherwise requires, are as defined in Title 11 of the United States Code. The following terms have the meaning set forth in this Article.

| | |
|---|---|
| *Administrative Claim* | Allowed claims or requests for payment under § 503(b) entitled to Administrative priority under § 507(a)(2) of the Bankruptcy Code and United States Trustee fees under 28 U.S.C. § 1930 (United States Trustee fees are not required to have been filed as a request for payment) |
| *Allowed Claim* | A "Claim (as defined below) (i) proof of which has been filed with the Bankruptcy Court within the time fixed by the Bankruptcy Court or applicable rules or statutes, and with respect to which no objection has been timely filed by any party |

3

|  | |
|---|---|
|  | in interest, or (ii) that has been, or hereafter is, listed by the Debtor as liquidated in amount and not disputed or contingent in the Debtor's bankruptcy schedules filed in these Chapter 11 cases, or (iii) that has been allowed by a "Final Order" (as defined below) by the Bankruptcy Court, or (iv) that is allowed by the permission of this Plan. |
| *Allowed Interest* | An "Interest" (as defined below) (i) proof of which has been filed within the time fixed by the Bankruptcy Rules or within the time fixed by the Bankruptcy Court; or (ii) that has been scheduled in the list of equity security holders identified in the Debtor's bankruptcy schedules which have been filed with the Bankruptcy Court in these Chapter 11 cases; and (iii) in the event of either (i) or (ii) as to which no objection to the allowance thereof has been filed within any applicable period of time fixed by an Order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order of the Bankruptcy Court. |
| *Bankruptcy Code* | Title 11 of the United States Code, § 101, *et. seq*. or as amended thereafter in effect as of the Filing Date. |
| *Chapter 11 Case* | The Chapter 11 Case No. 21-22696 (SHL) commenced by the Debtor on the Filing Date. |
| *Claim* | A Claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor including, without limitation, secured claims under § 506 of the Bankruptcy Code, claims allowable under § 502 of the Bankruptcy Code or requests for payment of administrative expenses allowed under § 503 of the Bankruptcy Code. |
| *Claimant or Creditor* | The holder of a Claim, including the holder of a claim for damages resulting from the rejection of an unexpired executory contract or lease. |

4

| | |
|---|---|
| *Confirmation Date* | The date on which an Order confirming this Plan is entered by the Court, provided that such Order has not been stayed. |
| *Court* | The United States Bankruptcy Court for the Southern District of New Yor, or such other Court as may, from time to time, have original jurisdiction over this Chapter 11 proceeding. |
| *Debtor* | Hello Living Developer Nostrand LLC |
| *Disallowed Claim* | Any Claim or portion thereof that is determined in a Final Order of the Court not to be allowed pursuant to §§ 502 and 503 of the Bankruptcy Code. |
| *Disclosure Statement* | Any disclosure statement required by § 1125 of the Bankruptcy Code and approved by the Court. |
| *Disputed Claim* | The whole or portion of any Claim against the Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof. For any Disputed Claim which is or was asserted as a Secured Claim, the corresponding Lien shall be deemed subject to dispute. |
| *Distribution* | A distribution of cash or cash equivalents to the holders of Allowed Claims under the Plan. |
| *Effective Date* | Shall be a date that is 90 days after the Confirmation Date. |
| *Estate* | The Estate created in this case pursuant to § 541 of the Bankruptcy Code. |
| *Filing Date* | December 21, 2021 |
| *Final Distribution* | The date on which all Distributions provided for under this Plan have been mailed or otherwise issued to holders of all Allowed Claims. |
| *Final Order* | An Order of a Court from which no Appeal or |

| | |
|---|---|
| | review can be taken, or as to which all Appeals and reviews have been withdrawn or dismissed or granted with prejudice. |
| *Lease* | The Master Lease Agreement dated as of March 15, 2022 between Hello Nostrand LLC and 1580 Nostrand Management LLC providing for Lease rental to be paid commencing on or about March 15, 2023. |
| *Lease Income* | The Lease Income shall be determined in any year that the Lease in effect. Gross receipts of Lease income less all necessary and operating obligations of the Landlord, including, but not limited to, certain insurance. |
| *Plan* | The Debtor's Plan of Reorganization or as modified in accordance with the Bankruptcy Code. |
| *Project* | Project shall be the real property interest owned by the Debtor's Hello Nostrand LLC consisting of a building and a vacant lot which is a development site located at 1580 Nostrand Avenue, Brooklyn, New York. |
| *Real Property or Property* | Hello Nostrand's Real Estate and associated rights located at 1580 Nostrand Avenue, Brooklyn, New York. |
| *Secured Claim* | Any Claim held by a person against the Debtor secured by Collateral but only to the extent of the value of the collateral as set forth in the Plan pursuant to § 506(a) of the Bankruptcy Code, provided, however, that Secured Claim shall not include any portion of a Claim to the extent that the value of such person's interest in the Collateral is less than the amount of such Claim. |
| *Unimpaired* | A Claim or Equity Interest that is unimpaired within the meaning of § 1124 of the Bankruptcy Code, in that the Plan does not otherwise alter any legal, equitable or contractual rights to which such Claim entitles |

6

|  |  |
|---|---|
|  | the holders of such Claim. |
|  |  |
| *Unsecured Claim* | Any Claim or right as defined in § 101 of the Bankruptcy Code whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, which is not a Secured Claim a Priority Claim or an Administration Claim. |

# ARTICLE II

# DESIGNATION OF CLAIMS AND INTEREST

2.1    The following classifies claims and equity interests required to be designated in Classes pursuant to §§ 1122 and 1123 (a)(1) of the Bankruptcy Code.  In accordance with § 1123(a)(1) of the Bankruptcy Code, the Administrative Claims have not been classified and their treatment is set forth herein.  Classification of Claim and equity interests in this Plan is for all purposes, including voting, confirmation and distribution pursuant to the Plan.  Claims shall be deemed classified in a particular Class only to the extent that such claim qualifies within the description of that Class and shall be deemed different and classified in a different Class only to the extent that any portion of such claim qualifies within the description of such different Class. Distribution, on account of any Claim, in any Class, is not required or permitted unless, and, until such Claim or Equity Interest becomes an Allowed Claim or Allowed Equity Interest, as the case may be, which might not occur, if at all, until after the Effective Date.  However, an exception exists for secured creditor Nostrand Mezz Lender whose Allowed secured claim shall be paid within 90 days after the Confirmation Date.  All payments to groups of creditors or equity holders are paid.  The following summarizes all creditors and equity classes, their amount and whether they are impaired.

7

# ARTICLE III

# CLASSIFICATION

**Class 1**

3.1     The Allowed Secured Claims of Nostrand Mezz Lender holding a claim alleged to be in the amount of approximately $3,000,000 in unpaid principal which is presently alleged to be $4,500,000 which claim includes any prepayment fees, forbearance fees, exit fees, servicing fees and any other charges charged by this creditor all of which the Court shall determine as to whether such fees and charges are part of the Allowed Class 1 Claim.

**Class 2**

3.2     Any Allowed unsecured claims.

**Class 3**

3.3     Equity Interests – shall be the holders of the equity interest of the Debtor.

# ARTICLE IV

# TREATMENT OF CLAIMS THAT ARE IMPAIRED
# AND WHO WILL VOTE ON THE PLAN

The following claims will be treated as follows:

**Class 1**

4.1     The Allowed Secured Claims of Nostrand Mezz Lender holding a claim alleged to be in the amount of approximately $3,000,000 in unpaid principal which is alleged to be $4,500,000 presently which claim includes prepayment fees, forbearance fees, exit fees, servicing fees and any other charges charged by this creditor.

4.2     This Creditor shall receive payment of 100% of its Allowed Claim within 90 days after the Confirmation Date.  The funds shall be provided by Nostrand Debtor Investor ("*Nostrand Debtor Investor*") who shall receive a 40% investment interest in the Project on account of its

8

investment.

4.3    The Debtor intends to seek a determination that the amount of Nostrand Mezz Lender claim should be adjusted to accrue interest at the interest rate of the then applicable non-default contract rate of interest or 12% per annum for the period of March 2021 until December 21, 2021 the date of the filing of the Chapter 11 case and the rate thereafter to be determined by this Court.  In addition, the Debtor shall seek to cancel any exit fees, prepayment fees, forbearance fees or any other fees which this creditor shall seek to impose upon the Debtor as the "fee" or other charge to make the payment of the claim of Nostrand Mezz Lender including, but not limited to, requiring the payment of the Mortgage Loan prior to payment of the Allowed secured claim of Nostrand Mezz Lender.  The Court shall determine whether any disputed Plan provisions including interest rate and the term are allowed under a statutory and case authority and the Debtor's Plan shall be deemed modified to the extent provided by the Court's determination on any treatment of Class 1.  Notwithstanding, the Debtor shall make payment to this creditor in the amount fixed by the Court within the 90-day period after the Confirmation Date.  Upon the full payment by the Debtor as provided here, the Nostrand Mezz Lender and Nostrand Senior Lender ("*Nostrand Senior Lender*") agree not to challenge or attack the validity and enforceability of Hello Nostrand's existing Master Lease Agreement with 1580 Nostrand Management.

4.4    Upon Confirmation, any, and all prepayment premiums and any fees, exit fees or such other requirements set forth in the underlying loan shall also be cancelled, waived and released.  The Debtor shall continue to pay all of its operating obligations.  The terms of the Plan shall be the exclusive terms relating to the repayment of the Allowed Class 1 Claim. The pre-petition loan documents shall have no force or effect after Confirmation. Upon completion of the payments to the holder for the Allowed Class 1 Claim as required by the Plan and resolution of the

disputed claims, Class 1 shall be deemed to have released any, and all liens on the Debtor' assets and any claims against the Debtor with respect to the Mezz Loan. To the extent required by the Debtor, upon full payment of its Allowed Class 1 Claim, Class 1 holder shall immediately prepare and file any document necessary to effect a release of its liens on the Debtor's assets.

    4.5    As stated previously, any objection by Class 1 to any provision waiving any fees or premiums which may be objected to under State Law or Bankruptcy Law will be the subject of a Court hearing and Court approval on whether the objection should be overruled and covered by any modification and the Plan will be deemed amended to the extent of Court approval for the objection and/or modification. Any modifications under this Plan which Class 1 contends improperly impairs loan documents or guaranty obligations shall all follow the requirements of the Bankruptcy Code and statutory authorization and shall be deemed to be an amendment to the Plan subject in all respects to a Court Order ruling in this respect.

    4.6    This Class is impaired and is entitled to vote.

**Class 2**

    4.7    Any Allowed unsecured claims in the approximate amount of $1,625,000.

    4.8    Such claims shall be paid, pro rata, in full, plus interest at 4.5% interest from the Confirmation Date from the funds received in connection with the Project but not from the Lease Income.

    4.9    This Class is impaired and is entitled to vote.

# ARTICLE V

# NONIMPAIRED

**Class 3**

5.1     Equity Interests – shall be the holders of the equity interest of the Debtor. The equity holders shall be paid their investments in the Project.  Equity holders shall not be paid until Nostrand Mezz Lender and Nostrand Senior Lender have been paid in full.

5.2     This Class is unimpaired and is not entitled to vote.

# ARTICLE VI

# ADMINISTRATION EXPENSES AND UNCLASSIFIED CLAIMS

6.1     All operating unpaid administrative expenses of the Chapter 11 Case fees, the Court appointed professionals for the Debtor who have rendered services and who are entitled to compensation under §§ 327 and 503(b) of the Bankruptcy Code for services rendered prior to the Confirmation Date subject to a Fee Application on Notice and Court Order and the fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930, are not classified and shall be paid in full on or before the Effective Date.  The United States Trustee Fees and the professional fees, incurred after confirmation at the same hourly rates and terms shall continue to be paid up through the Closing Date of this Chapter 11 Case.  The professional fees shall not be paid from Lease Income, on consent, if this Plan is confirmed by the Court but from a cash call upon the investors.  The United States Trustee fees shall be paid either from a cash call upon the investors or from Lease Income.  A reserve may be estimated on the Confirmation Date and instituted for the payment of these fees.  The within professional claims for post-confirmation services may be paid under a different agreement reached with the Debtor prior to Confirmation and may be paid

without any Court Order.

## ARTICLE VII

## IMPLEMENTATION OF PLAN

7.1     The Debtor shall assist and cooperate with the development of the vacant lot owned by Hello Nostrand and pursue the litigation.  In this connection, an action may be commenced against Nostrand Mezz Lender and Nostrand Senior Lender based on the fraudulent transfer that took place at the execution of the Forbearance Agreement in August 2020 where the Debtor clearly received inadequate consideration under § 548 of the Bankruptcy Code at a time when the Debtor was engaged in a business where these Lenders' predecessors, with their fees, left the Debtor engaged in a business with unreasonably small capital under §§ 548(a)(1)(A) and (B).  These issues were never addressed in any prior Court proceeding and may be considered with respect to the case here.  This type of litigation will take years.

7.2     The Debtor shall continue with the above litigation against the Secured Creditor (Class 1).  However, the Secured Creditor shall be entitled to full payment of its Allowed secured claim as provided above, whether or not the litigation has been commenced against the Secured Creditor, as long as the time period for payment occurs any disposition of the litigation subject to a subsequent determination.  Upon such a determination in which Nostrand Mezz Lender is required to return funds, the Debtor shall be entitled to seek recovery.

7.3     The Debtor shall act as Distributing Agent.

7.4     The Debtor shall monitor the operation of the Hello Nostrand Real Property.

7.5     The litigation with the Secured Creditor will continue until there is a Final Court Order determining the allowability of the Secured Creditor's claims and priority.

7.6     The Plan is self-executing. Except as expressly set forth in the Plan, the Debtor

shall not be required to execute any newly created documents to evidence the Claims, liens or terms of repayment to the holder of any Allowed Claim. The terms of this Plan will exclusively govern payments to creditors and any other rights of creditors as against the Debtor and their property. Furthermore, upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims, and any liens that may support such Claims, shall be deemed released and discharged. The Debtor shall be responsible to effect all transactions to consummate the provisions.

## ARTICLE VIII

## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

8.1     ***Time Limit for Objections to Claims***     Objections to Claims shall be filed by the Debtor with the Court and served upon each holder of each of the Claims to which objections are made not later than sixty (60) days subsequent to the Confirmation Date or within such other time period as may be fixed by the Court. Unless otherwise extended by Order of this Court, the Debtor may file an objection to the allowance of any Claim filed resulting from the rejection of an executory contract on the latter of sixty (60) days following the Confirmation Date or within thirty (30) days after the filing of such Claim and service a copy of such Claim upon the Debtor as provided for in the Plan.

8.2     ***Resolution of Disputed Claims***     Unless otherwise ordered by this Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claims, in its sole discretion, without notice to any party in interest, other than notice of not less than ten (10) days' notice, as between the Debtor and the Creditor of the Claim, who is being objected to.

8.3     Payments and distributions to each holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of the Plan with

13

respect to the Class of creditors to which the respective holder of an Allowed Claim belongs. Reserves shall be maintained. Such payments and distributions shall be made as soon as practicable after the date that this Court enters a Final Order allowing such Claim, but not later than thirty (30) days thereafter. Payments shall be made as and when a Disputed Claim has become, in whole or in part, an Allowed Claim or a Disallowed Claim, pursuant to a Final Order or agreement between the Debtor and such Claimant or as allowed by this Plan.

## ARTICLE IX

## THE REORGANIZED DEBTOR

9.1    The Debtor shall continue with its corporate status and operate the Debtor' businesses.

9.2    The Debtor shall reserve all distributions from disputed claims pending determination that claims become Allowed Claims.

9.3    The case may be closed after initial payments are made to creditors on the Effective Date and may be re-opened, without any fees, as necessary, to implement the Plan.

## ARTICLE X

## EXECUTORY CONTRACTS

10.1    Debtor does not believe that there are executory contracts but in an excess of caution the Debtor leaves open the possibility that there may be executory contracts that the Debtor is not aware of.

## ARTICLE XI

## MODIFICATION OF THE PLAN

11.1    The Debtor may amend and modify this Plan at any time prior to the Confirmation Order, without approval of this Court. After Confirmation, the Debtor may modify this Plan before

a substantial consummation of this Plan, with the approval of this Court, and upon any Mortgagee's right to respond.

## ARTICLE XII

### PROVISIONS FOR CLASSES OR HOLDERS OF CLAIMS WHICH ARE AFFECTED BY AND DO NOT ACCEPT THIS PLAN

12.1    Any class or holders of claims or interests which are affected by and do not vote to accept the Plan in accordance with the provisions of Bankruptcy Code § 1126 shall be treated in fair and equitable fashion as provided by Bankruptcy Code § 1126(b).

## ARTICLE XIII

### WITHHOLDING AND REPORTING REQUIREMENTS

13.1    *Withholding Rights*.   In connection with the Plan, any party issuing any instrument or making any distribution described in the Plan shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions pursuant to the Plan and all related agreements shall be subject to any such withholding or reporting requirements.   Notwithstanding the foregoing, each holder of an Allowed Claim or any other person that receives a distribution pursuant to the Plan shall have responsibility for any taxes imposed by any Governmental Unit, including, without limitation, income, withholding, and other taxes, on account of such distribution.  Any party issuing any instrument or making any distribution pursuant to the Plan has the right, but not the obligation, to not make a distribution until such holder has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligations.

13.2    *Forms*.        Any party entitled to receive any property as an issuance or distribution under the Plan shall, upon request, deliver to the Disbursing Agent, or such other Person designated by the Debtor (which entity shall subsequently deliver to the Disbursing Agent

15

any applicable IRS Form W-8 or Form W-9 received) an appropriate Form W-9 or (if the payee is a foreign Person) Form W-8, unless such Person is exempt under the tax Code and so notifies the Disbursing Agent.  If such request is made by the Debtor or such other Person designated by the Debtor and the holder fails to comply before the date that is 180 days after the request is made, the amount of such distribution shall irrevocably revert to the Debtor and any Claim in respect of such distribution shall be discharged and forever barred from assertion against any Debtor and its respective property.

## ARTICLE XIV

## TRANSFER TAXES

14.1   *Exemption From Certain Transfer Taxes*   To the maximum extent provided by § 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security and the making or delivery of any instrument of transfer or mortgage under this Plan as confirmed by the Court, (including an instrument of transfer or mortgage executed in furtherance of the Plan) shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the Property in connection with or in furtherance of the Plan as confirmed by the Court and the funding requirements contained herein and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## ARTICLE XV

## EVENT OF DEFAULT

15.1   The occurrence of any of the following shall constitute a default by the Debtor

under the Plan with respect to creditors.

        a.    If (i) the Debtor default in making payments due under the Plan (and a grace period of ten (10) days after written notice of such default is given by a majority of the holders of the Class in default shall have passed, and unless such default (hereinafter referred to as an "*Event of Default*") has been waived in accordance with the term herein; (ii) the Debtor breaches any of the covenants contained herein after ten (10) days written notice by a creditor to the Debtor prior to payment due under the Plan; (iii) the Debtor seeks relief under any Federal or State Statute (other than the Debtor' present Chapter 11 Case); (iv) or a receiver; liquidator, custodian or trustee is appointed for substantially all of the property of the Debtor prior to completion of the payment due.

        b.    Upon the occurrence of an Event of Default, any creditor shall notify the Debtor, and with the exception of any monetary default on account of payment, the Debtor shall have ten (10) business days from the date of the sending of such notice to cure such breach or advise of the reasons for occurrence of the non-payment default.  With respect to a breach for non-payment, the Debtor shall have a cure period of fifteen (15) business days.  In the event the Debtor fails to cure such breach within the prescribed periods, the Debtor shall be deemed to have defaulted on the terms of the Plan and the creditors shall have all rights available to them under State Law or the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, or under this Plan.

## ARTICLE XVI

## DISCHARGE AND RELEASE

16.1    Pursuant to § 1141 of the Bankruptcy Code, the Confirmation Order shall discharge claims against the Debtor which are being treated under the Plan.  Except as expressly provided

herein, the rights afforded in the Plan and the treatment of all creditors and holders of stock interest provided herein shall be governed by the Plan and shall release professionals representing the Debtor (arising out of services in connection with this Chapter 11 Case excluding negligent acts or acts of willful misconduct, ultra vires acts and breach of fiduciary duty).  For the avoidance of doubt, Eli Karp shall continue to be liable under any claims of guaranty, contract or other provisions under State Law.  Upon the Confirmation Date, all other claims against the above referred to professionals will be satisfied, discharged and released (except for those obligations identified in the Plan) in full exchange for the consideration provided for hereunder.

   16.2 The effects of Confirmation of the Plan are set forth in the Bankruptcy Code.  Upon Confirmation, the provisions of the Plan will bind the Debtor, its equity holders and creditors, whether or not they have accepted the Plan.

## ARTICLE XVII

## INJUNCTION AND EXONERATION

   17.1 Except as otherwise provided in the Plan or Confirmation Order, all entities which have held, currently hold or may hold a debt, claim other liability of interest against the Debtor pursuant to, and subject to, the provisions of § 1141 of the Bankruptcy Code and are permanently enjoined with taking any of the following actions on account of such debt, claim, liability, interest or right:  (a) commencing or continuing in any manner any action or other proceeding on account of such claim against property which is to be distributed under the Plan, other than to enforce any right to distribution with respect to such property under the Plan; (b) enforcing, attaching, collecting or recovering in any manner or judgment, award, decree, order against the Debtor other than as permitted under subparagraph (a) above; and (c) creating, perfecting or enforcing any lien or encumbrance against any property to be distributed under this Plan.

## ARTICLE XVIII

## RETENTION OF JURISDICTION AND DISCHARGE

18.1    Notwithstanding Confirmation, the Bankruptcy Court shall retain jurisdiction for the following purposes.

(a)    Determination of the allowability of claims upon objections filed to such claims and to any litigation commenced by the Debtor post-confirmation related to the Chapter 11 Case, the Plan or any creditor claims;

(b)    Determination of requests for payment of Claims and fees entitled to priority under § 507;

(c)    Resolution of any disputes concerning the interpretation of the Plan;

(d)    Implementation of the provisions of the Plan;

(e)    Entry of Orders in aid of consummation of the Plan;

(f)    Modification of the Plan pursuant to § 1127 of the Code;

(g)    Adjudication of any causes of action including voiding power actions commenced by the Debtor-in-Possession; and

(h)    Entry of a Final Order of Consummation and closing the case.

Dated:    New York, New York
         May 31, 2022

*HELLO LIVING DEVELOPER NOSTRAND LLC*

By:    */s/ Eli Karp*
       Eli Karp
       Manager

19

*PLAN CONSENTED TO*

*HELLO NOSTRAND LLC*

By:    <u>/s/ Eli Karp</u>
        Eli Karp
        Manager