**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>HELLO LIVING DEVELOPER NOSTRAND LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22696 (SHL) |

## ORDER GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY

THIS MATTER coming to be heard upon the motion [ECF No. 45] (the "<u>Motion</u>")[1] of Nostrand Mezz Lender LLC ("<u>Mezz Lender</u>"), for entry of an order dismissing the bankruptcy case of the above-captioned debtor (the "<u>Debtor</u>") pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") or, alternatively, for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code, all as is more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and such notice having been adequate and appropriate under the circumstances and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held hearings on May 25, 2022 and June 6, 2022 to consider the relief requested in the Motion (collectively, the "<u>Hearing</u>"); and upon the Declarations, filed contemporaneously with and subsequent to the Motion, and the record of the Hearing; and the Court having determined that the Debtor has no equity in the property being foreclosed and just cause exists for the relief granted

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

herein, as more fully set forth on the record; and upon all of the proceedings had before the Court and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein and without prejudice to the Court granting Mezz Lender additional relief requested in the Motion.

2. Effective immediately upon entry of this Order and except as provided in Paragraph 3 of this Order, the Mezz Lender is granted relief from the automatic stay and may, without limitation, proceed with noticing and conducting a foreclosure sale of the Ownership Interests.

3. Until further Order of the Court, the automatic stay shall remain in effect with respect to final consummation of a foreclosure sale of the Ownership Interests.

4. Without limiting the relief granted herein, the Court shall schedule a separate hearing to consider the remaining relief requested in the Motion.

5. The Court grants the Mezz Lender's request to waive the 14 day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, *see* Mezz Lender's Motion, ECF No. 45 ¶¶ 112-14, and this Order shall be effective and enforceable immediately upon entry. This Court finds that a waiver of the 14 day stay is appropriate given that the Court has provided only limited relief from the stay, thus requiring the Mezz Lender to return to this Court before it can finally consummate the foreclosure sale of the Ownership Interests.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: June 7, 2022
       New York, New York

                                          */s/ Sean H. Lane*
                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE