# LEO FOX, ESQ.

July 11, 2022

***VIA ECF FILING***

Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:     Hello Living Developer Nostrand LLC
        <u>Case No. 21-22696</u>

Dear Judge Lane:

I am the attorney for the Debtor, Hello Living Developer Nostrand LLC ("<u>Hello Developer</u>" or the "<u>Debtor</u>"), in the above-referenced Chapter 11 case.  At the last court conference on July 7, 2022, the Court indicated that it would issue an order on July 12, 2022, granting the motion of the creditor Nostrand Mezz Lender LLC ("<u>Nostrand Mezz</u>") to fully lift the automatic stay.

On April 11, 2022, Nostrand Mezz had a proof of claim in the total amount of $4,651,176.44 [ECF-Claim 4].  In its proof of claim, Nostrand Mezz indicated that its total claim of $4,651,176.44 was broken down as follows: $2,900,000.00 owed on the principal amount of the the mezzanine loan of August 28, 2020; a protective advance of $905,419.61 under the mezzanine loan agreement, and interest on the mezzanine loan in the total amount of $738,816.61 as of the petition date.  (<u>See</u> ECF-Claim 4, p. 6).[1]

There were two separate formulas in the proof of claim by which Nostrand Mezz calculated the purported interest due on the mezzanine loan.

---

[1] It is unclear what comprises this protective advance.

630 THIRD AVENUE – 18TH FLOOR – NEW YORK, NEW YORK 10017
(212) 867-9595 | CELL:  (917) 873-2766 | FAX: (212) 949-1857 | EMAIL:  LEO@LEOFOXLAW.COM

According to the proof of claim, the original interest rate was the "greater of (a) eleven percent (11%) plus LIBOR per annum and (b) twelve 12% per annum, as adjusted for each Interest Period (as defined in the Mezzanine Promissory Note)." (See ECF-Claim 4, p. 7).

The default interest rate was defined, in the proof of claim, as "the lesser of (a) the maximum legal rate, and (b) twenty-four percent (24%) per annum and computed from the occurrence of an event of default under the loan documents."[2] *Id*.

In order to resolve this case, without any further proceedings in the federal and state courts, my client is prepared to pay the original amount of the mezzanine loan of $2,900,000.00 within thirty (30) days from July 12, 2022. This timeframe would include the 14 days during which any order by this Court lifting the automatic stay would otherwise be stayed.

As to the amount of the interest due on the mezzanine loan, my client would make payment of the amount which this Court determined was due and owing, and payment would be made on a schedule to be determined by the Court.

Respectfully submitted,

*/s/ Leo Fox*
Leo Fox

LF:cb

cc:     Tara Tiantian, UST
        Leo Muchnik, Esq.
        Alan Brody, Esq.
        Victor Worms, Esq.
        Eli Karp

---

[2] This date is disputed in the state court litigation because it was alleged that the default date was backdated.