UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re                                   | Chapter 11                |
|-----------------------------------------|---------------------------|
| HELLO LIVING DEVELOPER NOSTRAND LLC,    | Case No. 21-22696 (SHL)   |
| Debtor.                                 |                           |

# ORDER DISMISSING CHAPTER 11 CASE

THIS MATTER coming to be heard upon the motion [ECF No. 45] (the "Motion")[1] of Nostrand Mezz Lender LLC ("Mezz Lender"), for entry of an order dismissing the bankruptcy case of the above-captioned debtor (the "Debtor") pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") or, alternatively, for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code, all as is more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and such notice having been adequate and appropriate under the circumstances and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held hearings on May 25, 2022, June 2, 2022, and July 7 and 12, 2022 to consider the relief requested in the Motion (collectively, the "Hearing"); and upon the Declarations, filed contemporaneously with and subsequent to the Motion, and the record of the Hearing; and the Court having already partially lifted the automatic stay to permit the Mezz Lender to, among other things, commence a foreclosure sale of the Ownership Interests [ECF No. 106]; and the Court

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

having determined that just cause exists for the relief granted herein and for full relief from the automatic stay, all as more fully set forth on the record of the Hearing, including the Court's bench decision that was issued at the July 12, 2022 hearing; and the Debtor having consented to the dismissal of its bankruptcy case on the record at the July 12, 2022; and upon all of the proceedings had before the Court and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor's chapter 11 case is hereby dismissed with prejudice, effective immediately upon entry of this Order.

3. The Clerk of the Court shall note the dismissal on the docket.

4. To the extent applicable, any stay provided for in the Federal Rules of Bankruptcy Procedure is waived and this Order shall be effective and enforceable immediately upon entry.

5. The automatic stay shall terminate effective immediately upon entry of this Order.

6. Within ten (10) days of entry of this Order, the Debtor shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717 and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements, if any, for the relevant period.

7. The Court shall retain jurisdiction to hear and determine all matters related to the interpretation and/or enforcement of this Order _**consistent with applicable law**_.

Dated: July 25, 2022
      New York, New York

                                             _**/s/ Sean H. Lane**_
                                             HONORABLE SEAN H. LANE
                                             UNITED STATES BANKRUPTCY JUDGE